**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**GEORGE GASSER, et al.,**

                      Plaintiffs,                  **MEMORANDUM AND ORDER**

            -against-                              03-CV-6413 (ILG)

**INFANTI INTERNATIONAL, INC., et al.,**

                      Defendants.
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      During the conference before the Court on May 24, 2006, counsel for defendant George Scharpf demanded information from Alex Spizz, plaintiffs' counsel, concerning the source of e-mails marked by Mr. Spizz at the deposition of Elizabeth Kavlakian. The Court stated that it was not prepared to order plaintiffs' counsel to respond to Scharpf's inquiry absent a showing that the previously undisclosed e-mails should have been produced by plaintiffs in response to Scharpf's discovery demands. The Court invited Scharpf to make a written application, which would attach relevant portions of his discovery demands and would address the applicability of the work-product privilege.

      The Court is now in receipt of a letter to the Court dated May 26, 2006, from Scharpf's counsel ("Def. Letter"), in which he again asks plaintiffs "and Mr. Spizz" to identify the source of the aforesaid e-mails. Def. Letter at 2. Notably, the defense does not allege that the e-mails were responsive to any discovery demands previously served on plaintiffs. Nor does the defense discuss the legal implications of requiring an attorney to answer questions about his

gathering of evidence.[1] Instead, he merely assumes -- contrary to plaintiffs' counsel's assurances in open court -- that the e-mails were the product of illegal conduct by Vittorio Infantí. See id. Evening assuming *arguendo* that Infanti secured the documents through trespass, conversion, or some other misconduct,[2] Scharpf identifies no legal bases for his assumptions that (1) the exclusionary rule applies in civil actions and/or to conduct not involving a governmental actor; and (2) Scharpf has "standing" to seek suppression of the documents.[3]

Simply put, Scharpf's written submission adds nothing to the arguments presented by the defense in open court on May 26th. Scharpf's application is denied.[4]

**SO ORDERED.**

**Dated:** Brooklyn, New York
May 31, 2006

                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[1] The letter simply asserts, without more, that Scharpf's request "is not . . . an attempt to discover material protected by the attorney work product privilege," and that the "disclosure would not implicate the thoughts, opinions, or mental processes of counsel." Def. Letter at 2. That the e-mails apparently do not constitute "core" work product (which is arguably subject to absolute protection) does not end the inquiry, as "ordinary" work product is entitled to a qualified privilege against disclosure.

[2] But see Letter to the Court dated May 30, 2006, from Alex Spizz at 2 (reiterating that "[t]he documents in question have nothing to do with EKI and were never in EKI's files," and that they were not the "result of any improper actions on the part of Mr. Infanti.").

[3] Although Scharpf claims that his application is not "in the nature of a motion *in limine*," he nevertheless argues that "Mr. Spizz and his clients ought not to be able to make use in this litigation of the fruits of Mr. Infanti's criminal misconduct . . . ." Def. Letter at 2.

[4] Should Infanti testify at trial, the defense may of course seek the trial court's permission to inquire of him as to the source of the e-mails.