UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
GEORGE GASSER and GASSER CHAIR
COMPANY, INC.,

                        Plaintiffs,

   -against-

INFANTI INTERNATIONAL, INC., MARK     MEMORANDUM AND ORDER
INFANTI, NANCY APONTE INFANTI,            03 CV 6413 (ILG)
VITTORIA INFANTI, MARGUERITA
INFANTI, MARIELLA INFANTI, AMBOY
NATIONAL BANK, GEORGE E. SCHARPF
and SANDERS W. GROPPER, in his
capacity as Receiver of Infanti
International, Inc.,

                        Defendants.
---------------------------------------------------x

GLASSER, United States Senior District Judge:

## INTRODUCTION

      Amboy National Bank ("Amboy") seeks an order pursuant to Federal Rule of Civil Procedure 41 ("Rule 41") that would dismiss all claims asserted by George Gasser and Gasser Chair Company, Inc. ("Plaintiffs") against it, as well as the counterclaims it asserted against Plaintiffs. Amboy argues that, based on a settlement offer it made to Plaintiffs by way of letter dated October 25, 2007, which Plaintiffs have refused to accept, it should be dismissed from the action because Plaintiffs "refuse to accept judgment on the very relief they seek . . . ." Def. Br. at 1. In its letter, Amboy conceded that it does not have priority over Plaintiffs for any of the liens on the Receivership property of Infanti International, Inc. ("Infanti International"), and it agreed to dismiss

any counterclaims against Plaintiffs regarding these same issues.  In opposition to the Rule 41 motion, Plaintiffs explain that they did not accept the settlement for several reasons.  First, Plaintiffs claim that the settlement offer would be "unenforceable insofar as it offers to provide adjudication that Gasser's lien is superior to any lien held by George Scharpf" because he is not a party to the settlement offer.  Pl. Br. at 3.  Second, Plaintiffs maintain that even if the settlement would be enforceable, it does not provide Plaintiffs the full relief they are seeking from Amboy because Amboy still has pending motions regarding the priority of the liens on the Receivership property.  Plaintiffs assert that if Amboy prevails on any of those claims, including its claim for replevin of the Receivership property, and receives a money judgment against Infanti International, it will affect Plaintiffs' interest in the Receivership property.  Regardless of Plaintiffs' refusal to accept the settlement offer, they also argue that Amboy is improperly using Rule 41 as a means to remove itself from the action.[1]

---

[1] Amboy also moves to strike the affidavit offered by Plaintiffs' counsel in opposition to this motion as "wholly improper" under Fed. R. Civ. P. 56(e) ("Rule 56(e)") because it contains "conclusory allegations, scandalous accusations, opinion and legal argument."  Def. Reply Br. at 3.  While the Federal Rules of Civil Procedure do not create a standard for reviewing affidavits submitted in support of motions other than a motion for summary judgment, at least one court in this Circuit has used Rule 56(e) as a guide for reviewing the propriety of affidavits submitted in relation to other motions.  See Richards v. Computer Scis. Corp., 03 CV 00630 (DJS), 2004 U.S. Dist. LEXIS 19637, at *2 (D. Conn. Sept. 28, 2004). Regardless, this Court will deny Amboy's motion to strike because the Court has not considered the affidavit in ruling on this motion.

## DISCUSSION

### A. Standard

Rule 41 provides, in pertinent part:

(a) Voluntary Dismissal.
(1) *By the Plaintiff.*
(A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
(ii) a stipulation of dismissal signed by all parties who have appeared.
(B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
(2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.

(c) Dismissing a Counterclaim, Crossclaim, or Third-Party Claim. This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim. A claimant's voluntary dismissal under Rule 41(a)(1)(A)(i) must be made:
(1) before a responsive pleading is served; or
(2) if there is no responsive pleading, before evidence is introduced at a hearing or trial.

By its plain language, Rule 41(b) affords a <u>defendant</u> the opportunity to dismiss an action where the plaintiff fails to "process his case diligently." <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 43 (2d Cir. 1982). Amboy did not choose to move under Rule

41(b). Even if it had, Plaintiffs have in no way failed to prosecute their case or otherwise abide by court orders. The Court is unaware of any cases where refusal to enter into a settlement agreement afforded a court the discretion to enter a dismissal pursuant to Rule 41(b).

Amboy argues that it is permissible for a defendant to move for voluntary dismissal under Rule 41(a)(2). However, the District of Massachusetts case it cites for this proposition is distinguishable. In Chapman v. Bernard's Inc., 198 F.R.D. 575 (D. Mass. 2001), a defendant moved pursuant to Rule 41(b) to have all claims against it dismissed after it entered into a settlement agreement with the plaintiff and where claims against other defendants were still pending resolution. The Court ruled that because the plaintiff had not failed to prosecute its case, nor had it failed to comply with any court orders, that the defendant could not bring a motion to dismiss pursuant to Rule 41(b). However, though it acknowledged that normally a motion to dismiss pursuant to Rule 41(a)(2) should be brought by a plaintiff, the court treated the defendant's motion as one brought pursuant to Rule 41(a)(2) to allow the defendant to remove itself from the case because the plaintiff had agreed to such relief in the settlement. Chapman cites another District of Massachusetts case, Sullivan v. Bankhead Enters., Inc., 108 F.R.D. 378 (D. Mass. 1985), in which the court also ordered a Rule 41(a)(2) dismissal where one defendant settled with the plaintiff and moved the court to approve the dismissal, but the other defendant opposed the motion. It is clear that the District of Massachusetts permitted dismissal pursuant to Rule 41(a)(2) because the

plaintiffs in those cases agreed to a settlement.[2]  Here, however, Plaintiffs have not agreed to settle.

## **CONCLUSION**

For the foregoing reasons, this Court DENIES Amboy's motion to dismiss pursuant to Rule 41.

SO ORDERED.

Dated:   Brooklyn, New York
         June 10, 2008

_____/s/_____
I. Leo Glasser
United States Senior District Judge

---

[2] A more realistic view of those cases is that the Court was holding the plaintiff in each to his settlement agreement, a view which avoids a re-writing of the Rule.

Copies of the foregoing memorandum and order were electronically sent to:

Counsel for Plaintiffs:

Alex Spizz, Esq.
Todtman, Nachamie, Spizz & Johns PC
425 Park Avenue, 5th floor
New York, NY 10022

Counsel for Defendant George Scharpf:

Gerald Krovatin, Esq.
Krovatin & Associates, LLC
744 Broad Street, Suite 1903
Newark, NJ 07102

Counsel for Defendant Amboy National Bank:

Dennis Thomas Kearney, Esq.
Pitney Hardin Kipp & Szuch
P.O. Box 1945
Morristown, NJ 07962

Counsel for Defendant Sanders W. Gropper:

Stan L. Goldberg, Esq.
Platzer, Fineberg, Karlin, Levine, Goldberg & Jaslow, LLP
1065 Avenue of the Americas, 18th Floor
New York, NY 10018