IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 17 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
GEORGE GASSER and
GASSER CHAIR COMPANY, INC.,

                   Plaintiffs,

-against-

INFANTI INTERNATIONAL, INC.,
MARK INFANTI, NANCY APONTE
INFANTI, VITTORIA INFANTI,
MARGUERITA INFANTI, MARIELLA
INFANTI, AMBOY NATIONAL BANK,
GEORGE E. SCHARPF and SANDERS W.
GROPPER, in his capacity as Receiver of
Infanti International, Inc.,

                 Defendants.
-----------------------------------------------x

MEMORANDUM AND ORDER
03 CV 6413 (ILG)

GLASSER, United States District Judge:

On August 2, 2011, the Court of Appeals for the Second Circuit issued its Mandate that "so ordered" a stipulation entered into by the parties, withdrawing an appeal without prejudice pursuant to F.R.A.P. 42(b). The stipulation was prompted by the realization that there were some determinations in this case that remained pending in this Court and no Certification pursuant to Fed. R. Civ. P. 54(b) had been issued. What was pending were judgments entered in prior proceedings in which amounts of monetary awards were not specified and no application had ever been made to correct that deficiency. The proceedings identified in the stipulation which were thus implicated are hereafter discussed.

Those proceedings were rooted in an amended complaint filed by the plaintiffs on July 16, 2004, Docket No. 95, asserting 18 claims for relief, 7 of which were the subjects of motions by the plaintiffs for default judgments against Infanti International filed on

May 19, 2005, Docket No. 225. Those claims were:

> One and Two for the sum of $15,137,911;
>
> Three through six for the sum of $4,000,000; and
>
> Seven for the sum of $500,000.

On November 23, 2005, Amboy cross-moved for entry of a default judgment against Infanti International in the sum of $1,254,268.93, Docket No. 253.

On July 8, 2008, Scharpf cross-moved for a default judgment against Infanti International in the sum of $1,900,000, Docket No. 445.

On July 23, 2008, this Court, in a Memorandum and Order, Docket No. 458, familiarity with which is assumed, disposed of the motions described and on August 18, 2008, Docket No. 465, entered a judgment which "Ordered, Adjudged and Decreed as follows:

> 1. Plaintiffs', Amboy's and Scharpf's Motions for Default Judgments against Infanti International are hereby granted.
>
> * * *
>
> 5. Plaintiffs are entitled to a judgment against Infanti International in the amount of $15,137,911, . . . which judgment shall have priority over all creditors of Infanti International."

Although other judgments were entered in the course of the protracted litigation, none involved monetary awards and all were final.

A conference among the parties was held on August 12, 2011, at the conclusion of which it was determined and agreed that a judgment be entered reflecting the amounts for which the motions for default judgments were requested by Gasser and Amboy, and

granted. Scharpf requested and was granted an opportunity to consider the addition of interest to his judgment. In a letter dated August 16, 2011, Scharpf calculated that addition to result in a judgment against Infanti International in the amount of $2,026,927.50. Accordingly, the Clerk of Court is hereby directed to enter judgments as follows:

In favor of George Gasser and Gasser Chair Co., Inc. against Infanti International, Inc., in the sum of $15,137,911;

In favor of Amboy National Bank against Infanti International, Inc., in the sum of $1,254,268.93; and

In favor of George E. Scharpf against Infanti International, Inc., in the sum of $2,026,927.50.

SO ORDERED.

Dated: Brooklyn, New York
August 16, 2011

S/ILG

I. Leo Glasser